Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 1 of 22 PageID #: 41262

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PURDUE PHARMA L.P., | ) | |
| PURDUE PHARMACEUTICALS L.P., | ) | |
| THE P.F. LABORATORIES, INC. and | ) | |
| GRÜNENTHAL GMBH, | ) | |
| | ) | C.A. No. _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACTAVIS LABORATORIES FL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Purdue Pharma L.P., Purdue Pharmaceuticals L.P., The P.F. Laboratories, Inc. (collectively, "Purdue"), and Grünenthal GmbH ("Grünenthal") (collectively, "Plaintiffs"), for their Complaint against Defendant Actavis Laboratories FL, Inc. ("Actavis" or "Defendant"), aver as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for infringement of United States Patent Nos. 6,733,783 (the "'783 patent"); 8,361,499 (the "'499 patent"); 8,551,520 (the "'520 patent); 8,647,667 (the "'667 patent"); 9,023,401 (the "'401 patent"); 8,529,948 (the "'948 patent"); 8,808,740 (the "'740 patent"); and 8,309,060 (the "'060 patent"). This action relates to Abbreviated New Drug Application ("ANDA") No. 208389 ("Defendant's ANDA") submitted upon information and belief in the name Actavis Laboratories FL, Inc. to the United States Food and Drug Administration ("FDA"). Defendant's ANDA seeks approval to market a generic version of Purdue's Hysingla® ER (hydrocodone bitartrate) ("Hysingla®"), which is the subject

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 2 of 22 PageID #: 41263

of approved NDA No. 206627, in the 20 mg, 30 mg, 40 mg, 60 mg, 80 mg, 100 mg and 120 mg dosage strengths ("Defendant's ANDA Products").

## THE PARTIES

2.      Plaintiff Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431.  Purdue Pharma is the owner of the '783, '499, '520, '667, '401, '948, and '740 patents, identified in paragraphs 17-23 below, and Purdue Pharma is an exclusive licensee of the '060 patent, identified in paragraph 24 below.  Purdue Pharma is also the holder of approved NDA No. 206627 for Hysingla®, indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment in patients for whom alternative treatment options are inadequate.  Purdue Pharma sells Hysingla® in the United States.

3.      Plaintiff Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, NC 27893.  Purdue Pharmaceuticals is an owner of the '948 patent, identified in paragraph 22 below.

4.      Plaintiff The P.F. Laboratories, Inc. ("P.F. Labs") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, NJ 07512.  P.F. Labs is an owner of the '948 patent, identified in paragraph 22 below.

5.      Plaintiffs Purdue Pharma, P.F. Labs, and Purdue Pharmaceuticals are associated companies.

2

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 3 of 22 PageID #: 41264

6.      Plaintiff Grünenthal is a corporation organized and existing under the laws of Germany, having an address at 52078 Aachen, Zieglerstrasse 6, Germany.  Grünenthal is the owner of the '060 patent, identified in paragraph 24 below.

7.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida, having a place of business at 400 Interpace Parkway, Parsippany, NJ 07054.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## PERSONAL JURISDICTION

11.      This Court has personal jurisdiction over the Defendant by virtue of, *inter alia*, its systematic and continuous contacts with Delaware and contacts with Delaware in connection with the submission of its ANDA, as set forth below.

12.      On information and belief, Defendant is in the business of preparing generic pharmaceuticals that it distributes in the State of Delaware and throughout the United States.

13.      On information and belief, if ANDA No. 208389 is approved, the Defendant's ANDA Products would, among other things, be marketed and distributed in

Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware.

14.     In addition, Defendant has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by initiating lawsuits, consenting to this Court's jurisdiction, and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g., Cephalon, Inc. v. Actavis Laboratories FL, Inc., Actavis, Inc., Actavis Pharma, Inc., and Watson Laboratories, Inc.*, C.A. No. 1:14-cv-00776-SLR-SRF, D.I. 16 (D. Del. July 25, 2014) (consenting to jurisdiction); *and Forest Laboratories, Inc. et al. v. Apotex Corp. and Watson Laboratories, Inc.- Florida,* C.A. No. 1 :14-cv-00200-LPS, D.I. 22 and D.I. 48 (D. Del. Apr. 22, 2014) (consenting to jurisdiction and stating that Watson Laboratories, Inc. Florida changed its name to Actavis Laboratories FL, Inc. on April 21, 2014).

15.     This Court further has personal jurisdiction over Defendant by virtue of the fact that Defendant has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, including, Plaintiffs Purdue Pharma and Purdue Pharmaceuticals, which are limited partnerships organized and existing under the laws of the State of Delaware.

16.     Defendant has agreed not to challenge personal jurisdiction for the purposes of this action.

**THE PATENTS-IN-SUIT**

17.     Purdue Pharma is the lawful owner of all right, title, and interest in the '783 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '783 patent is listed in FDA's *Approved Drug Products With Therapeutic Equivalence Evaluation* ("Orange Book")

Case 1:99-mc-09999  Document 482  Filed 08/05/15  Page 5 of 22 PageID #: 41266

as covering Hysingla®, which is the subject of approved NDA No. 206627.  A copy of the '783 patent, attached hereto as Exhibit A, was duly and legally issued on May 11, 2004, naming Benjamin Oshlack, John K. Masselink, Hua-Pin Huang, and Alfred P. Tonelli as the inventors.

18.     Purdue Pharma is the lawful owner of all right, title, and interest in the '499 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '499 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627. A copy of the '499 patent, attached hereto as Exhibit B, was duly and legally issued on January 29, 2013, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred P. Tonelli as the inventors.

19.     Purdue Pharma is the lawful owner of all right, title, and interest in the '520 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '520 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627. A copy of the '520 patent, attached hereto as Exhibit C, was duly and legally issued on October 8, 2013, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred P. Tonelli as the inventors.

20.     Purdue Pharma is the lawful owner of all right, title, and interest in the '667 patent titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '667 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627. A copy of the '667 patent, attached hereto as Exhibit D, was duly and legally issued on February

11, 2014, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred P. Tonelli as the inventors.

21.     Purdue Pharma is the lawful owner of all right, title, and interest in the '401 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '401 patent is listed in the Orange Book as covering Hysingla®, 20-60 mg dosage strengths, which is the subject of approved NDA No. 206627.  A copy of the '401 patent, attached hereto as Exhibit E, was duly and legally issued on May 5, 2015, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred P. Tonelli as the inventors.

22.     Purdue Pharma, Purdue Pharmaceuticals, and P.F. Labs are the lawful owners of all right, title, and interest in the '948 patent titled "PHARMACEUTICAL FORMULATION CONTAINING GELLING AGENT," including the right to sue and to recover for past infringement thereof.  The '948 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627.  A copy of the '948 patent, attached hereto as Exhibit F, was duly and legally issued on September 10, 2013, naming Curtis Wright, Benjamin Oshlack, and Christopher Breder as the inventors.

23.     Purdue Pharma is the lawful owner of all right, title, and interest in the '740 patent, titled "ENCASED TAMPER RESISTANT CONTROLLED RELEASE DOSAGE FORMS," including the right to sue and to recover for past infringement thereof.  The '740 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627.  A copy of the '740 patent, attached hereto as Exhibit G, was duly and legally issued on August 19, 2014, naming Haiyong Hugh Huang as the inventor.

24.     Grünenthal is the lawful owner of all right, title, and interest in the '060 patent, titled "ABUSE-PROOFED DOSAGE FORM," including the right to sue and to recover for past infringement thereof.  Purdue Pharma is an exclusive licensee of the '060 patent from Grünenthal, with the right to enforce the '060 patent.  The '060 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627.  A copy of the '060 patent, attached hereto as Exhibit H, was duly and legally issued on November 13, 2012, naming Johannes Bartholomäus, Heinrich Kugelmann, and Elisabeth Arkenau-Marić as the inventors.

**DEFENDANT'S ANDA**

25.     On information and belief, on or before June 23, 2015, Actavis filed Defendant's ANDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Defendant's ANDA Products, generic products based on the Reference Listed Drug Hysingla®, which is the subject of approved NDA No. 206627.

26.     On information and belief, Defendant's ANDA contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '783, '499, '520, '667, '401, '948, '740, and '060 patents, listed in the FDA's Orange Book, *inter alia*, as covering the use of the Hysingla®, which is the subject of approved NDA No. 206627, are "invalid, unenforceable, and/or not infringed by the commercial manufacture, use or sale of" the drug products described in Defendant's ANDA.

27.     In a letter dated June 23, 2015 addressed to Plaintiffs and received by Purdue on or about June 24, 2015, Defendant provided what purports to be a "Notification of Certification" with respect to Defendant's ANDA and Defendant's ANDA Products, and the

7

'783, '499, '520, '667, '401, '948, '740, and '060 patents, under § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act ("Notice Letter").

28.     Defendant's submission of Defendant's ANDA No. 208389 was an act of infringement of the '783, '499, '520, '667, '401, '948, '740, and '060 patents under the United States Patent Law, 35 U.S.C. § 271(e)(2)(A).

29.     Plaintiffs are commencing this action within the 45 day period after receiving the Notice Letter as described in 21 U.S.C. § 355(j)(5)(B)(iii).

### FIRST CLAIM FOR RELIEF
(PATENT INFRINGEMENT OF U.S. PATENT NO. 6,733,783)

30.     Purdue Pharma incorporates by reference and realleges paragraphs 1 through 29 above as though fully restated herein.

31.     Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '783 patent by Defendant.

32.     Defendant's ANDA Products, or the use or manufacture thereof, are covered by one or more claims of the '783 patent.

33.     If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '783 patent under 35 U.S.C. § 271(a)-(c).

34.     Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '783 patent.

35. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '783 patent.

36. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

37. The administration of Defendant's ANDA Products by any healthcare providers, including, but not limited to doctors, physicians, and nurse practitioners ("Healthcare Providers"), and patients, will directly infringe one or more claims of the '783 patent.

38. Defendant's proposed label for Defendant's ANDA Products will explicitly instruct Healthcare Providers and patients to use Defendant's ANDA Products in a manner that will directly infringe one or more claims of the '783 patent.

39. If Defendant's ANDA Products are approved by the FDA, Defendant will actively induce others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '783 patent. Since at least the date of the Notice Letter, Defendant has acted with knowledge, or at least with willful blindness of the fact, that the induced acts would constitute infringement of the '783 patent.

40. Defendant intends to cause direct infringement by others, *e.g.*, Healthcare Providers and patients.

41. If Defendant's ANDA Products are approved by the FDA, Defendant will take affirmative steps to induce infringement by, among other things, instructing Healthcare Providers and patients, through Defendant's proposed label, to use Defendant's ANDA Products in a manner that directly infringes one or more claims of the '783 patent. Thus, Defendant will aid, abet, urge, or encourage others including, *e.g.*, Healthcare Providers and patients, to directly

9

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 10 of 22 PageID #: 41271

infringe one or more claims of the '783 patent, and Defendant will affirmatively and specifically intend to cause direct infringement.

42.     Upon information and belief, Defendant has been aware of the existence of the '783 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '783 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

43.     Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '783 patent.  Purdue Pharma does not have an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(PATENT INFRINGEMENT OF U.S. PATENT NO. 8,361,499)**

44.     Purdue Pharma incorporates by reference and realleges paragraphs 1 through 43 above as though fully restated herein.

45.     Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '499 patent by Defendant.

46.     Defendant's ANDA Products are covered by one or more claims of the '499 patent.

47.     If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '499 patent under 35 U.S.C. § 271(a)-(c).

48.     Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '499 patent.

10

49.     On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '499 patent.

50.     On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

51.     If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '499 patent by others, with knowledge that their acts are encouraging infringement.

52.     Upon information and belief, Defendant has been aware of the existence of the '499 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '499 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

53.     Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '499 patent.  Purdue Pharma does not have an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
#### (PATENT INFRINGEMENT OF U.S. PATENT NO. 8,551,520)

54.     Purdue Pharma incorporates by reference and realleges paragraphs 1 through 53 above as though fully restated herein.

55.     Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '520 patent by Defendant.

56.     Defendant's ANDA Products are covered by one or more claims of the '520 patent.

11

Case 1:99-mc-09999 Document 482 Filed 08/05/15 Page 120 of 22 PageID #: 41273

57. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '520 patent under 35 U.S.C. § 271(a)-(c).

58. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '520 patent.

59. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '520 patent.

60. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

61. If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '520 patent by others, with knowledge that their acts are encouraging infringement.

62. Upon information and belief, Defendant has been aware of the existence of the '520 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '520 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

63. Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '520 patent. Purdue Pharma does not have an adequate remedy at law.

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 13 of 22 PageID #: 41274

## FOURTH CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 8,647,667)

64. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 63 above as though fully restated herein.

65. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '667 patent by Defendant.

66. Defendant's ANDA Products are covered by one or more claims of the '667 patent.

67. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '667 patent under 35 U.S.C. § 271(a)-(c).

68. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '667 patent.

69. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '667 patent.

70. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

71. If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '667 patent by others, with knowledge that their acts are encouraging infringement.

13

72. Upon information and belief, Defendant has been aware of the existence of the '667 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '667 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

73. Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '667 patent. Purdue Pharma does not have an adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
#### (PATENT INFRINGEMENT OF U.S. PATENT NO. 9,023,401)

74. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 73 above as though fully restated herein.

75. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of the 20-60 mg strengths of Defendant's ANDA Products was an act of infringement of the '401 patent by Defendant.

76. The 20-60 mg strengths of Defendant's ANDA Products are covered by one or more claims of the '401 patent.

77. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of the 20-60 mg strengths of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '401 patent under 35 U.S.C. § 271(a)-(c).

78. The 20-60 mg strengths of Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '401 patent.

14

79.	On information and belief, Defendant knows that the 20-60 mg strengths of Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '401 patent.

80.	On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for the 20-60 mg strengths of Defendant's ANDA Products.

81.	If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '401 patent by others, with knowledge that their acts are encouraging infringement.

82.	Upon information and belief, Defendant has been aware of the existence of the '401 patent, and has no reasonable basis for believing that the 20-60 mg strengths of Defendant's ANDA Products will not infringe the '401 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

83.	Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '401 patent.  Purdue Pharma does not have an adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 8,529,948)

84.	Purdue incorporates by reference and realleges paragraphs 1 through 83 above as though fully restated herein.

85.	Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products, was an act of infringement of the '948 patent by Defendant.

15

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 16 of 22 PageID #: 41277

86. Defendant's ANDA Products are covered by one or more claims of the '948 patent.

87. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '948 patent under 35 U.S.C. § 271(a)-(c).

88. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '948 patent.

89. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '948 patent.

90. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

91. If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '948 patent by others, with knowledge that their acts are encouraging infringement.

92. Upon information and belief, Defendant has been aware of the existence of the '948 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '948 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

93. Unless Defendant is enjoined by the Court, Purdue will be substantially and irreparably harmed by Defendant's infringement of the '948 patent. Purdue does not have an adequate remedy at law.

16

Case 1:99-mc-09999 Document 482 Filed 08/05/15 Page 17 of 22 PageID #: 41278

## SEVENTH CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 8,808,740)

94. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 93 above as though fully restated herein.

95. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '740 patent by Defendant.

96. Defendant's ANDA Products, or the use thereof, are covered by one or more claims of the '740 patent.

97. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '740 patent under 35 U.S.C. § 271(a)-(c).

98. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '740 patent.

99. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '740 patent.

100. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

101. The administration of Defendant's ANDA Products by any healthcare providers, including, but not limited to doctors, physicians, and nurse practitioners ("Healthcare Providers"), and patients, for the treatment of pain, will directly infringe one or more claims of the '740 patent.

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 18 of 22 PageID #: 41279

102.     Defendant's proposed label for Defendant's ANDA Products will explicitly instruct Healthcare Providers and patients to use Defendant's ANDA Products in a manner that will directly infringe one or more claims of the '740 patent.

103.     If Defendant's ANDA Products are approved by the FDA, Defendant will actively induce others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '740 patent.  Since at least the date of the Notice Letter, Defendant has acted with knowledge, or at least with willful blindness of the fact, that the induced acts would constitute infringement of the '740 patent.

104.     Defendant intends to cause direct infringement by others, *e.g.*, Healthcare Providers and patients.

105.     If Defendant's ANDA Products are approved by the FDA, Defendant will take affirmative steps to induce infringement by, among other things, instructing Healthcare Providers and patients, through Defendant's proposed label, to use Defendant's ANDA Products in a manner that directly infringes one or more claims of the '740 patent.  Thus, Defendant will aid, abet, urge, or encourage others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '740 patent, and Defendant will affirmatively and specifically intend to cause direct infringement.

106.     Upon information and belief, Defendant has been aware of the existence of the '740 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '740 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

18

107.     Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '740 patent.  Purdue Pharma does not have an adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 8,309,060)

108.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 107 above as though fully restated herein.

109.     Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208389 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '060 patent by Defendant.

110.     Defendant's ANDA Products, or the use or manufacture thereof, are covered by one or more claims of the '060 patent.

111.     If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '060 patent under 35 U.S.C. § 271(a)-(c).

112.     Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '060 patent.

113.     On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '060 patent.

114.     On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

19

Case 1:99-mc-09999   Document 482   Filed 08/05/15   Page 20 of 22 PageID #: 41281

115.    The administration of Defendant's ANDA Products by any healthcare providers, including, but not limited to doctors, physicians, and nurse practitioners ("Healthcare Providers"), and patients, will directly infringe one or more claims of the '060 patent.

116.    Defendant's proposed label for Defendant's ANDA Products will explicitly instruct Healthcare Providers and patients to use Defendant's ANDA Products in a manner that will directly infringe one or more claims of the '060 patent.

117.    If Defendant's ANDA Products are approved by the FDA, Defendant will actively induce others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '060 patent.  Since at least the date of the Notice Letter, Defendant has acted with knowledge, or at least with willful blindness of the fact, that the induced acts would constitute infringement of the '060 patent.

118.    Defendant intends to cause direct infringement by others, *e.g.*, Healthcare Providers and patients.

119.    If Defendant's ANDA Products are approved by the FDA, Defendant will take affirmative steps to induce infringement by, among other things, instructing Healthcare Providers and patients, through Defendant's proposed label, to use Defendant's ANDA Products in a manner that directly infringes one or more claims of the '060 patent.  Thus, Defendant will aid, abet, urge, or encourage others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '060 patent, and Defendant will affirmatively and specifically intend to cause direct infringement.

120.    Upon information and belief, Defendant has been aware of the existence of the '060 patent, and has no reasonable basis for believing that Defendant's ANDA Products

will not infringe the '060 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

121.    Unless Defendant is enjoined by the Court, Grünenthal and Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '060 patent.  Grünenthal and Purdue Pharma do not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    Adjudging that Defendant has infringed one or more claims of each of the '783, '499, '520, '667, '401, '948, '740, and '060 patents, and that the commercial sale, offer for sale, use, importation, and/or manufacture of Defendant's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the '783, '499, '520, '667, '401, '948, '740, and '060 patents;

B.    Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 208389 and Defendant's ANDA Products, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), to be a date not earlier than the last date of expiration of the '783, '499, '520, '667, '401, '948, '740, and '060 patents, plus any additional periods of extension or exclusivity attached thereto;

C.    Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product that is the subject of

21

ANDA No. 208389, including Defendant's ANDA Products or any other drug product that infringes the '783, '499, '520, '667, '401, '948, '740, and '060 patents;

        D.       Declaring this an exceptional case and awarding Plaintiffs their attorneys' fees and costs, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

        E.       Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

<table>
<tr><td>OF COUNSEL:</td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td></tr>
<tr><td></td><td>/s/ Rodger D. Smith II</td></tr>
<tr><td>John J. Normile<br>Gasper J. LaRosa<br>Kenneth S. Canfield<br>Lisamarie LoGiudice<br>Sarah A. Geers<br>JONES DAY<br>222 East 41st Street<br>New York, NY 10017<br>(212) 326-3777</td><td>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com</td></tr>
<tr><td>Jason G. Winchester<br>JONES DAY<br>77 West Wacker Drive<br>Chicago, IL 60601<br>(312) 269-4373</td><td>Attorneys for Plaintiffs</td></tr>
</table>

*Attorneys for Plaintiffs Purdue Pharma L.P., Purdue Pharmaceuticals L.P. and The P.F. Laboratories, Inc.*

Basil J. Lewris
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4150

*Attorneys for Plaintiff Grünenthal GmbH*

August 5, 2015